■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALIAS STONE, Appellant. [951 NYS2d 145]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered May 13, 2010, convicting defendant, after a jury trial, of two counts of burglary in the second degree, and sentencing him, as a second felony offender, to concurrent terms of seven years, unanimously affirmed.

The court properly permitted defendant to proceed pro se. Defendant argues that even if he was competent to stand trial, mental illness rendered him incapable of representing himself.

Defendant relies principally on *Indiana v Edwards* (554 US 164 [2008]), in which the Supreme Court held that "the Constitution *permits* States to insist upon representation by counsel for those competent enough to stand trial . . . but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves" (*id*. at 178 [emphasis added]). The holding in *Edwards*, however, was expressly limited to circumstances in which a court *denies* a trial-competent defendant's application to proceed pro se on the ground that mental illness nevertheless renders the defendant incapable of self-representation. We need not determine whether there are circumstances in which a court is *required* to insist upon representation by counsel for such a defendant because the record here does not reflect that defendant suffered from such a mental incapacity at the time of trial.

Defendant claims that there were numerous indicia that should have alerted the court that he lacked the mental capacity to represent himself. However, most of the information to which defendant refers was the product of mental evaluations that occurred nearly a year after the trial, in assessing his fitness for sentencing. At the application for self-representation and at trial, defendant may have displayed a belligerent or litigious attitude, but this did not necessarily indicate mental incapacity. Nothing within the knowledge of the court at the relevant time suggested that this was one of those extremely "exceptional context[s]" (*Edwards*, 554 US at 176) in which a defendant who is competent to stand trial is nonetheless incompetent to proceed pro se.

Defendant's performance during the time he was representing himself did not suggest such an incapacity. Defendant's opening statement, though brief, was cogent and appropriate. While his cross-examination of the People's main witness may have been less than artful, there is no basis for attributing this to mental illness, as opposed to the lack of skill demonstrated by many pro se defendants.

The court properly exercised its discretion in denying defense counsel's mistrial motion, made after defendant abandoned his pro se defense and resumed representation by counsel. As noted, the record does not support the assertion that defendant seriously damaged his own case during the time he was representing himself. In any event, "[i]neptitude, inherent in almost any case of self-representation, is a constitutionally protected pre-

rogative." (*People v Schoolfield*, 196 AD2d 111, 117 [1st Dept 1994], *lv dismissed* 83 NY2d 858 [1994], *lv denied* 83 NY2d 915 [1994]). Concur—Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.